IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MRRC HOLD CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11164 (CTG)<br><br>(Jointly Administered) |
| RUBIO'S RESTAURANTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Adv. Proc. No. 24-_____ (CTG) |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Rubio's Restaurants, Inc., as a debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and as plaintiff in this adversary proceeding, alleges, upon knowledge of its own acts and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.   This action is brought to remedy Defendant's willful disregard and knowing violations of the automatic stay. On July 10, 2024, after expressly acknowledging these Chapter 11 Cases and with actual knowledge of the automatic stay, Defendant stopped performing on ongoing advertising campaigns for the express stated purpose of compelling payment of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: MRRC Hold Co. (1242); Rubio's Restaurants, Inc. (0303); and Rubio's Incentives, LLC (9359). The Debtors' mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008.

prepetition amounts owing. This act to exercise control over property of the estate and to recover prepetition claims owing is an egregious violation of the automatic stay. It is causing the Debtor and its estate ongoing harm from lost revenues, and risks immediate and irreparable harm to the Debtor by adversely impacting the ongoing sale process in these Chapter 11 Cases. By this action, the Debtor seeks injunctive relief requiring the Defendant to reinstate the Debtor's advertising account and campaign, and related damages, sanctions and costs.

## JURISDICTION AND VENUE

2. This adversary proceeding arises in and relates to the pending Chapter 11 Cases. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The bases for the relief requested herein are sections 105(a), 362(a)(3), and 362(a)(6) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. The Debtor confirms its consent to the entry of a final order by the Court in connection with this adversary proceeding if later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## PARTIES

5. The Debtor is the Plaintiff in this adversary proceeding.

6. Defendant is a creditor of Plaintiff and provides ongoing, real-time targeted and interactive advertising to Plaintiff on its Facebook and Instagram social media platforms.

7. On information and belief, Defendant is a Delaware corporation with a principal place of business in Menlo Park, California.

## FACTUAL BACKGROUND

### A. The Chapter 11 Cases

8. On June 5, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the Chapter 11 Cases. The Court granted the Debtors' motion requesting joint administration of these chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

9. The Debtor operates and franchises fast-casual restaurants serving coastal Mexican cuisine. The Debtor operates 87 restaurants in California, Arizona, and Nevada, and employs more than 1,900 individuals at its restaurants and the corporate office in Carlsbad, California. The Debtors commenced these cases to address outstanding obligations and to effect a sale of substantially all of their assets as a going concern. The Debtors expect that such a sale will deliver a value-maximizing result for their estates, creditors, and other stakeholders.

### B. Advertising through Meta Platforms, Inc.

10. Defendant owns and operates Facebook and Instagram.

11. Plaintiff has an advertising account no. 47887329 (the "**Account**") with Defendant that enables Plaintiff to purchase advertisements to be delivered by Defendant on Facebook and Instagram, subject to certain terms and conditions.

12. Prior to the Petition Date, and continuing until July 10, 2024 (the "**Cutoff Date**"), Plaintiff advertised its restaurants and business in various advertising campaigns created by Plaintiff and implemented through Facebook and Instagram (each, a "**Campaign**").

13. In the ordinary course, Plaintiff utilized the Account by providing, at the beginning of the month, to Defendant a daily budget for a Campaign over the course of that month, and Defendant would then implement the Campaign by delivering targeted advertisements on Facebook and Instagram.

14. Defendant targets advertisements for any Campaign based in part on the previous user interaction data ("**User Behavioral Data**") developed over time on such Campaign and in part on prior Campaigns. Accordingly, the effectiveness of any Campaign increases over time.

15. As a result of this virtuous feedback loop, as User Behavioral Data accumulates over the duration of a Campaign, the value of that Campaign (and other Campaigns under the same Account) increases over time as the return on spend increases with more impressions. The User Behavioral Data is therefore valuable, unique and irreplaceable.

16. In the ordinary course, Plaintiff spends approximately $100,000 per month on Campaigns.

C. **Post-Petition Stay Violations by Meta Platforms, Inc.**

17. After the Petition Date, Defendant continued serving Campaigns as ordered by Plaintiff at the beginning of June 2024.

18. On June 18, 2024, the Debtors served or caused to be served notice of their bankruptcy cases on Defendant. *See* Case No. 24-11164, Docket No. 103 at 217.

19. On June 20, 2024, by letter to Defendant's general counsel, Plaintiff gave actual notice of the Chapter 11 Cases and warning that interference with the Account would constitute a violation of the automatic stay. *See* Exhibit 1.

20. On or around July 1, 2024, consistent with past practice and ordinary course of dealing on the Account, Plaintiff provided a daily budget for Campaigns on the Account for July 2024, and this budget was accepted by Defendant.

21. On or around July 1, 2024, Defendant issued an invoice to Plaintiff for advertising services during June 2024, including for prepetition amounts. *See* Exhibit 5 (Invoice dated July 1, 2024).

22. On July 3, 2024, Defendant made an unlawful collection attempt against Plaintiff through email. *See* Exhibit 2. Defendant's collection attempt was for a debt of $96,061.39 incurred during May 2024. *See id.*; Exhibit 3 (Invoice dated June 1, 2024).

23. In response to Defendant's July 3 email, Plaintiff responded on July 8, 2024, that "Rubio's filed for Chapter 11 protection on 6/5/24." *See* Exhibit 2.

24. Plaintiff attached the June 20, 2024 email sent to Defendant and further reminded Defendant that "US Bankruptcy code prohibits Rubio's from making payments rendered on 6/4 or earlier." *See id.*

25. As of the Cutoff Date (July 10, 2024), notwithstanding its prior acceptance of the Campaign budget for July 2024, Defendant ceased running any Campaigns and ceased accepting orders through the Account.

26. On July 10, 2024, the Debtors served or caused to be served notice of the Debtors' sale process on Defendant. *See* Case No. 24-11164, Docket No. 196, Exh. A at 170.

27. On July 11, 2024, Plaintiff reminded Defendant of the pending bankruptcy proceeding and requested that Defendant restore Plaintiff's advertising account and allow the advertising campaign to proceed. *See id.*

28. On July 12, 2024, Defendant affirmed that it received notice of the bankruptcy proceeding and that it was "under investigation." *See id.*

29. On July 15, 2024, Defendant apologized for "inconvenience caused" by its action and promised to reinstate Plaintiff's advertising account. *See id.*

30. Hours later, Defendant refused access to Plaintiff's advertisements using Plaintiff's metadata and related data. *See id.*

31. Defendant further asserted that "The account per guideline and Meta policies has to remain on hold until prepetition is paid." *See id.*

32. On July 17, 2024, Plaintiff sent a letter to Defendant's general counsel warning that the unilateral action by Defendant to stop the Campaign was a violation of the automatic stay. *See* Exhibit 4.

33. Shortly after Plaintiff's letter was sent, outside counsel for Defendant contacted Plaintiff's counsel, and the parties met and conferred. Plaintiff's counsel again reiterated to Defendant's counsel the ongoing damages caused by Defendant's violation of the stay.

34. Despite knowledge of the above-captioned bankruptcy proceedings, Defendant refused and continues to refuse Plaintiff access to its advertising account.

35. As a direct and proximate result of Defendant's violation of the automatic stay, Plaintiff is incurring lost revenue damages in excess of $10,000 per day, to the detriment of Plaintiff and the estate.

36. In addition, this reduction of revenues caused by Defendant risks immediate and irreparable harm to the Plaintiff's ongoing sale process.

## NATURE OF RELIEF REQUESTED

37. Plaintiff seeks injunctive relief against continued violations of the automatic stay, damages for the prior and ongoing violations of the stay, and a declaratory judgment, pursuant to sections 105(a), 362(a)(3) and 362(a)(6) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Violations of the Automatic Stay)**

38. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

39. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

40. Plaintiff's interests in the Account and all related Campaigns and User Behavioral Data is property of its estate.

41. The Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

42. The Bankruptcy Code prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

43. The issuance by Defendant of the invoice dated July 1, 2024 to Plaintiff seeking payment of, among other things, advertising services provided during June 1 – 4, 2024, was a violation of the automatic stay as acts to collect or recover on prepetition claims against Plaintiff.

44. The stopping of the Campaign by the Defendant on the Cutoff Date was a violation of the automatic stay as an act to collect or recover on prepetition claims against Plaintiff and as an act to exercise control of property of the Debtor's estate.

45. Defendant's ongoing refusal to allow the Campaign or further advertising on the Account is a violation of the automatic stay as an act to collect or recover on prepetition claims against Plaintiff and as an act to exercise control of property of the Debtor's estate.

46. Defendant's violations of the automatic stay were willful because Defendant had actual knowledge of the Chapter 11 Stay and of the automatic stay.

47. As a direct and proximate result of Defendant's willful disregard and violations of the Bankruptcy Code, Plaintiff has incurred and continues to incur damages in the forms of lost revenue and attorney's fees.

48. Pursuant to 28 U.S.C. §§ 2201, 2202, 11 U.S.C. § 105(a), and Bankruptcy Rule 7001, Plaintiff seeks judgment that Defendant has violated the automatic stay. Plaintiff further seeks compensatory damages, punitive damages, incidental damages, attorney's fees, and costs for such violations of the automatic stay.

## SECOND CLAIM FOR RELIEF

**(Injunctive Relief Pursuant to 11 U.S.C § 105(a))**

49. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

50. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Exercising this power is appropriate if, among other things, claims against non-debtors may ultimately affect property of the estate or if necessary to protect a debtor's ability to effectively restructure and preserve the property of the estate.

51. Plaintiff is substantially likely to succeed on the merits of Plaintiff's claims because Defendant has violated, and continues to violate, Sections 362(a)(3) and 362(a)(6) of the Bankruptcy Code through its collection efforts and refusal to allow Plaintiff access to its property and advertisements.

52. If Defendant's conduct is not enjoined, the Debtor will suffer irreparable harm by ongoing lost revenue during these proceedings, and by damage its ongoing sale process, which will frustrate the Debtor's efforts to deliver value for its creditors in these Chapter 11 Cases.

53. The irreparable harm to the Debtor in the absence of injunctive relief far outweighs any harm to the Defendant.

54. In fact, Defendant profits from the advertising campaigns of Plaintiff, and will affirmatively benefit from the restoration of Plaintiff's account.

55. There is no harm to Defendant by enjoining Defendant's refusal to allow the Campaigns and ongoing advertising under the Account.

56. Enforcing the automatic stay against Defendant serves the public interest by promoting compliance with the Congressional purpose of the automatic stay and by facilitating the purposes of the Bankruptcy Code to benefit all creditors.

57. Based on the foregoing, the Debtor seeks an order under section 105 of the Bankruptcy Code enjoining Defendant from further refusal to allow advertising under the Account and requiring Defendant to perform the Campaign as previously agreed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests as follows:

i. declaratory judgment that the Defendant's actions in sending invoices, terminating the Campaign, and refusing to allow advertising from the Account are attempts by

Defendant in violation of sections 362(a)(3) and 362(a)(6) of the Bankruptcy Code; and

ii. injunctive relief enjoining Defendant from further violations of the automatic stay during the pendency of the Chapter 11 Cases, specifically from further refusing to allow advertising under the Account and requiring Defendant to perform the Campaign as previously agreed; and

iii. judgment in Plaintiff's favor for actual damages, punitive damages, incidental damages, attorney's fees, and costs for Defendant's violations of the automatic stay;

iv. and such other relief for the Debtor as the Court deems just and proper.

Dated: July 22, 2024
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

 /s/ *Thomas J. Francella, Jr.*
Thomas J. Francella, Jr.  (No. 3835)
1200 N. Broom Street
Wilmington, DE 19806
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
Kyra E. Andrassy (*pro hac vice*)
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com
            kandrassy@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7109
Email: dforsh@raineslaw.com

- and -

Scott M. Hare (*pro hac vice* application to be filed)
Anthony T. Gestrich (*pro hac vice* application to be filed)
11 Stanwix Street, 11th Floor
Pittsburgh, PA 15222
Telephone: (412) 899-6460
Email: share@raineslaw.com
           agestrich@raineslaw.com

*Counsel to the Debtors and Debtors in Possession*

## **VERIFICATION**

I, Adam Fox, am over 18 years old and am a citizen of the United States of America. I am the Vice President, Marketing for Plaintiff, and I have personal knowledge of the facts stated in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*. I hereby verify under the laws of the United States of America, including 28 U.S.C. § 1746, that the foregoing facts and the facts stated in the *Verified Complaint for Declaratory and Injunctive Relief* are true and correct to the best of my knowledge and belief.

Executed on July 22, 2024.

*/s/ Adam Fox*
Adam Fox, Vice President, Marketing
Rubio's Restaurants, Inc.