# EXHIBIT 4



1350 Avenue of the Americas, 22nd Fl
New York, New York 10019
Main: 917.790.7100

www.raineslaw.com

July 17, 2024

*Via E-mail / Federal Express*

Meta Platforms, Inc.
Attn: Jennifer Newstead
Chief Legal Officer
1 Hacker Way
Menlo Park, CA 94025
San Francisco, CA 94105

Re:     **Rubio's Restaurants, Inc. (Account 47887329)**

Dear Ms. Newstead:

This firm represents Rubio's Restaurants, Inc. ("**Rubio's**") and its affiliates in their pending cases (the "**Bankruptcy Cases**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") that were commenced on June 5, 2024 and are being jointly administered under case no. 24-11164 (CTG).

I write in reference to my prior letter to you dated June 20, 2024 (the "**Prior Letter**"), a copy of which is attached hereto as **Exhibit A**, and to the advertising account (no. 47887329) that Rubio's has with Meta Platforms, Inc. or its affiliates (collectively, "**Meta**"). The Prior Letter gave notice that the Rubio's advertising account was property of the bankruptcy estate and that any attempt by Meta to terminate the Rubio's advertising account and cease providing services to Rubio's would violate the automatic stay. Meta has also been served with other notice of the Bankruptcy Cases and has expressly acknowledged the Bankruptcy Cases in multiple communications among the Meta collections team and the Rubio's marketing team.

Despite its knowledge of the automatic stay, Meta suspended the Rubio's advertising account as of July 10, 2024 and has since refused to reinstate that account. Meta's actions are in in willful disregard and violation of violate the automatic stay imposed by the Bankruptcy Code that protects Rubios from, among other things, "any act to obtain . . . or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), and "any act to collect . . . or recover a claim against the debtor . . ." 11 U.S.C. § 362(a)(6).

**Rubio's demands that Meta reinstate the Rubio's advertising account no later than Thursday, July 18, 2024.**  If this does not occur, Rubio's will seek relief in the Bankruptcy Court

Los Angeles
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067

Orange County
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626

New York
1350 Avenue of the Americas, 22nd Floor
New York, New York 10019

Chicago
30 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602

Meta Platforms, Inc.
Page 2

to compel Meta's compliance with the automatic stay and for monetary damages, along with sanctions for contempt, costs, and injunctive relief. Be guided accordingly.

      I note that Meta has expressed willingness to allow Rubio's to open a new account in lieu of restoring the current account. Be advised that, while Rubio's may elect to do so voluntarily in order to mitigate its damages, it has no such obligation. Further, and critically, a new account is not an adequate replacement for the current account and does not remedy Meta's violations of the Bankruptcy Code, and Rubio's will pursue its claims against Meta for damages and other relief, including reinstatement of the current account, despite any new account being opened.

      Copies of all orders or pleadings in the Bankruptcy Cases may be obtained free of charge at http://cases.stretto.com/rubios.

      If you have any questions, please contact me at 917-790-7109 or at dforsh@raineslaw.com.

      Sincerely,

*David Forsh*

David S. Forsh
of Raines Feldman Littrell LLP



# EXHIBIT A



1350 Avenue of the Americas, 22nd Fl
New York, New York 10019
Main: 917.790.7100

www.raineslaw.com

June 20, 2024

*Via E-mail / Federal Express*

Meta Platforms, Inc.
Attn: Jennifer Newstead
Chief Legal Officer
1 Hacker Way
Menlo Park, CA 94025
San Francisco, CA 94105

Re:    **Rubio's Restaurants, Inc. (Account 47887329)**

Dear Ms. Newstead:

This firm represents Rubio's Restaurants, Inc. ("**Rubio's**") and its affiliates in their pending cases (the "**Bankruptcy Cases**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") that were commenced on June 5, 2024 and are being jointly administered under case no. 24-11164 (CTG).

Rubio's (account 47887329) has an agreement with Meta Platforms, Inc. or its affiliates ("**Meta**") for certain advertising services on Facebook and Instagram. I write to avoid any misunderstanding regarding the Rubio's advertising account and the Bankruptcy Code.

When a debtor files for chapter 11 relief, it is immediately entitled to the protections of the automatic stay provided by section 362 of the Bankruptcy Code. Section 362(a) provides that all entities are stayed from, *inter alia*:

> any act to obtain possession of any property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(3).

Rubio's account with Meta, and related rights or interests of Rubio's in Meta advertising services, arose prior to the commencement of the Bankruptcy Cases and therefore constitute "property" of Rubio's bankruptcy estate under the Bankruptcy Code. *See* 11 U.S.C. § 541(a)(1) (the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case.").

Los Angeles
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067

Orange County
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626

New York
1350 Avenue of the Americas, 22nd Floor
New York, New York 10019

Chicago
30 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602

Meta Platforms, Inc.
Page 2

Accordingly, any attempt by Meta to terminate the Rubio's advertising account and cease providing services to Rubio's would constitute an act to exercise control over property of the bankruptcy estate in willful disregard and violation of the Bankruptcy Code. If necessary, Rubio's will seek appropriate relief in the Bankruptcy Court to compel Meta's compliance with the automatic stay and to pursue damages for any violation, with the attendant possibility of sanctions, costs and other expenses. Please be guided accordingly.

I note that Rubio's is continuing to operate in the ordinary course with new financing that has been approved by the Bankruptcy Court [Docket No. 56]. Accordingly, Meta can be assured that Rubio's is capable of meeting its obligations that are incurred during the Bankruptcy Cases. Copies of all orders or pleadings in the Bankruptcy Cases may be obtained free of charge at http://cases.stretto.com/rubios.

If you have any questions, please contact me at 917-790-7109 or at dforsh@raineslaw.com.

Sincerely,

*David Forsh*

David S. Forsh
of Raines Feldman Littrell LLP

RAINES